Nicole C. Andersen (State Bar No. 281218)
**NELSON & FRAENKEL LLP**
601 S. Figueroa St., Suite 2500
Los Angeles, CA 90017
Tel.: 213-622-6469
Fax: 213-622-6019
Email: nandersen@nflawfirm.com

Erin R. Applebaum (Pro Hac Vice Applicant)
**KREINDLER & KREINDLER, LLP**
485 Lexington Avenue
New York, NY 10017
Tel:.212-687-8181
Email: eapplebaum@kreindler.com

*Attorneys for Plaintiff Ted Papenhagen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED PAPENHAGEN, individually<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., AND DOES 1 – 10.<br><br>Defendants. | CASE NO.:<br><br>**PLAINTIFF TED PAPENHAGEN'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TED PAPENHAGEN, an individual ("Plaintiff"), by and through his undersigned attorneys, files his Complaint against Defendant DELTA AIRLINES, INC., and alleges the following upon information and belief:

**PARTIES**

1. Plaintiff, TED PAPENHAGEN, is a citizen of the United States and a resident of California.

2. Defendant DELTA AIR LINES, INC. ("DELTA") is a Delaware corporation with its principal executive office located in Atlanta, Georgia.

3. Defendant DELTA is a common carrier engaged in the business of transporting passengers for hire by air.

**JURISDICTION AND VENUE**

4. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331 because a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

5. Subject matter jurisdiction is proper under Article 33 of the Montreal Convention because DELTA is a U.S. airline with its principal place of business in the United States.

6. Subject matter jurisdiction is also proper under Article 33 of the Montreal Convention because Plaintiff purchased his ticket for travel on a round-trip international itinerary between signatory countries to the Convention within the State of California, with a final destination of Los Angeles International Airport ("LAX").

7. Subject matter jurisdiction is further proper under Article 33 of the Montreal Convention because Plaintiff's principal and permanent residence is located within the United States of America, in the Central District of California, and Defendant operates services for the carriage of passengers by air and maintains offices for that purpose within this judicial district.

8. This Court has personal jurisdiction over Defendant DELTA in California because DELTA has purposely availed itself of the privilege of doing business in California and Plaintiff's claims arise from and relate to those in-state contacts.

9. Venue is proper in the Central District of California under 28 USC § 1391(b)(3) because Defendants are subject to this Court's personal jurisdiction with respect to the instant action.

## FACTS OF THE CLAIM

10. At all times herein relevant, Defendant DELTA was and remains a common carrier engaged in the business of transporting passengers for hire by air.

11. At all times herein relevant, Defendant DELTA employed flight crews responsible for the safe and secure operation of its flights and the safety and well-being of its passengers.

12. At all times herein relevant, Defendant DELTA was responsible for the training, management, supervision, and/or control of its employees, agents, servants and/or contractors, including but not limited to their adherence to standard safety practices, policies and protocols.

13. On July 2, 2024, Plaintiff Ted Papenhagen was traveling on the outbound leg of a round-trip international itinerary from Los Angeles, California to Frankfurt, Germany ("FRA"), with a layover at John F. Kennedy International Airport ("JFK") in Queens, New York.

14. On July 2-3, 2024, Defendant DELTA operated and controlled a certain jet aircraft designated as Delta flight 106 from JFK to FRA ("the subject flight").

15. On July 2-3, 2024, Plaintiff TED PAPENHAGEN was a fare-paying passenger lawfully aboard the subject flight.

16. On July 2-3, 2024, the catering and meal service for the subject flight was provided, distributed, and/or otherwise controlled by Defendant DELTA through its crew members, employees, agents, servants and/or contractors.

17. On July 2-3, 2024, during meal service aboard the subject flight, Plaintiff

sustained serious dental injuries when he bit down on a hard foreign object embedded inside the dinner roll served with his airline-provided meal.

18. When Plaintiff bit down on the foreign object, it caused a complete vertical fracture of his #5 bicuspid tooth extending to the root, requiring a painful extraction, bone grafting, and dental implant surgery.

19. Plaintiff endured months of pain, disfigurement, and functional limitations, and continues to experience residual discomfort as a result of his injury.

## COUNT I: BODILY INJURY

## UNDER ARTICLE 17 OF THE MONTREAL CONVENTION

20. Plaintiff's injuries were caused by an accident pursuant to Article 17 of the Montreal Convention because he became physically injured aboard the subject flight as the result of an unexpected or unusual event or occurrence external to him, and not by his own internal reaction to the usual, normal and expected operation of the aircraft.

21. As a result of the aforesaid accident, Plaintiff TED PAPENHAGEN became seriously injured.

22. As a result of the aforesaid accident, Plaintiff TED PAPENHAGEN became permanently injured.

23. As a result of the aforesaid accident, Plaintiff TED PAPENHAGEN suffered pain, agony and mental anguish.

24. As a direct and proximate result of the aforesaid accident, Plaintiff TED PAPENHAGEN sustained economic loss.

25. As a result of the aforesaid accident, Plaintiff TED PAPENHAGEN expended significant sums of money on dental treatment.

26. As a result of the aforesaid accident, Plaintiff TED PAPENHAGEN was deprived of his enjoyment of life, pursuits and interests.

27. As a result of the foregoing, Defendant DELTA is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

28. Defendant DELTA is strictly liable to pay all proven compensatory damages

up to 128,821 Special Drawing Rights, which represents the Montreal Convention cap on damages effective on the date of Plaintiff's accident.

29. Defendant DELTA cannot meet its burden under Article 21(2)(a) of the Montreal Convention of proving that its own negligence did not cause or contribute to the aforesaid accident, or that Plaintiff's injuries were caused solely by the acts of third parties.

**WHEREFORE**, Plaintiff, TED PAPENHAGEN, demands judgment against Defendant, DELTA AIR LINES, INC. in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and special damages according to proof;
2. For personal injury damages and property damages according to proof;
3. For economic damages;
4. For prejudgment interest to the extent allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court may deem proper.

Date: August 8, 2025.                NELSON & FRAENKEL, LLP


By:   /s/ Nicole C. Andersen
        Nicole C. Andersen

KREINDLER & KREINDLER LLP


By:   /s/ Erin R. Applebaum
        Erin R. Applebaum (Pro Hac Vice Applicant)

*Attorneys for Plaintiff Ted Papenhagen*

## JURY TRIAL DEMAND/REQUEST

Plaintiff hereby requests and demands a trial by jury on all claims so triable.

Date: August 8, 2025.                NELSON & FRAENKEL, LLP


By:  /s/ Nicole C. Andersen
         Nicole C. Andersen

KREINDLER & KREINDLER LLP


By:  /s/ Erin R. Applebaum
         Erin R. Applebaum (Pro Hac Vice Applicant)

*Attorneys for Plaintiff Ted Papenhagen*